IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTHONY COLLINS and<br>JAMES POWELL, *individually*<br>*and as Class Representatives*,<br><br>    Plaintiffs,<br><br>v.<br><br>CHRISTOPHER AUFFENBERG,<br><br>    Defendant. | Case No. 24-CV-01120-SPM |

# CONFIDENTIALITY ORDER

**McGLYNN, District Judge:**

This matter is before the Court on a Joint Motion for Entry of a Protective Order pursuant to Federal Rule of Civil Procedure 26(c) filed by Plaintiffs Anthony Collins and James Powell, individually and as Class Representatives. (Doc. 46). The Court has determined that the terms set forth herein are appropriate to protect the respective interests of the parties, the public, and the Court. Accordingly, for good cause shown, the Plaintiffs' Motion is **GRANTED**. It is **HEREBY ORDERED** that the parties, non-party signatories, and non-party witnesses shall follow the procedures set forth below with respect to certain documents, information, or testimony provided or exchanged in this or related actions or proceedings:

## 1. PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action will involve production of confidential, proprietary, or private information for which special protection is warranted. Otherwise, the disclosure and discovery activity risk the disclosure of competitive and commercially sensitive information. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

## 2. DEFINITIONS

**2.1 Challenging Party:** a Party or Non-Party that challenges the designation of information or items under this Order.

**2.2 "CONFIDENTIAL" Information or Items:** information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c) including, but not limited to all non-public, confidential, proprietary, or commercially sensitive information, such as confidential research and development information; materials constituting or containing trade secrets, such as product recipes; financial plans, data, or projections; competitive analyses; financial or tax data; sensitive personal, financial, or medical information regarding any current or former employee of any Party; materials subject to any confidentiality or non-disclosure agreement with any third party; or other proprietary information that could have a seriously deleterious effect on any Party's competitive position if the information becomes public, such as product formulations, pricing information, or marketing strategies.

**2.3 Designating Party:** a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

**2.4 Disclosure or Discovery Material:** all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things),

that are produced or generated in disclosures or responses to discovery in this matter.

**2.5 Expert:** a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Outside Counsel to serve as an expert witness or as a consultant in this action.

**2.6 Non-Party:** any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

**2.7 Outside Counsel:** attorneys who are not employees of a Party to this action but are retained to represent or advise a Party to this action or have appeared in this action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party (as well as their support staff).

**2.8 Party:** any party to this action, including all of its officers, directors, employees, consultants, retained Experts, and Outside Counsel (and their support staffs).

**2.9 Producing Party:** a Party or Non-Party that produces Disclosure or Discovery Material in this action.

**2.10 Professional Vendors:** persons or entities—employed or retained by a Party—that provide litigation support services (e.g., photocopying; imaging; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, processing, or retrieving data in any form or medium; and setting up, maintaining, and/or operating computer systems or litigation databases or converting data for inclusion in such databases) and their employees and subcontractors.

**2.11 Protected Material:** any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

**2.12 Receiving Party:** a Party that receives Disclosure or Discovery Material from a Producing Party.

**2.13 Trade Secret:** information, including a formula, pattern, compilation, program, device, method, technique, or process that: (1) derives independent

economic value, actual or potential, from not being generally known to, and not being readily ascertainable from proper means by, other persons who can obtain economic value from its disclosure or use; and (2) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

### 3. SCOPE

Nothing in this Protective Order shall prevent or restrict a Producing Party's own disclosure or use of its own Discovery Material for any purpose, and nothing in this Order shall preclude any Producing Party from showing its Discovery Material to an individual who prepared the Discovery Material or who is known to have received it other than in this litigation. The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Outside Counsel that reveal Protected Material.

However, the protections conferred by this Stipulation and Order **do not** cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial or hearing in court shall be governed by a separate agreement or order. Any party that intends to present or anticipates that another party may present Confidential Information at a court hearing or trial must bring the issue to the attention of the Court and the other party without disclosing the Confidential Information. Thereafter, the Court can make the necessary orders for the use of such Confidential Information at the Court hearing or at trial. This Order is without prejudice to the right of any Producing Party to seek further or additional protection of any Discovery Material or to modify this Order in any way, including, without limitation, an order that certain material not be produced at all. This Order does not grant the parties unfettered discretion to designate information or items as "Confidential." All "Confidential" designations must be based on the good faith belief that the materials and items are "Confidential" as defined above and as

discussed in Section 5.1, Exercise of Restraint and Care in Designating Materials for Protection.

## 4. DURATION

Unless modified, superseded, or terminated pursuant to the terms contained in this Order, this Order shall remain in effect through the conclusion of this litigation, including any appeals. Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law. The Court shall retain jurisdiction after termination of this matter to hear and resolve any disputes arising out of this Protective Order.

## 5. DESIGNATING PROTECTED MATERIAL

**5.1 Exercise of Restraint and Care in Designating Material for Protection.** Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party shall designate for protection only those parts of deposition transcripts and written discovery responses that qualify—so that other portions of the materials for which protection is not warranted are not swept unjustifiably within the ambit of this Order. Any designation by a Producing Party shall constitute a representation that such material has been reviewed by an attorney for the producing Party and that, in counsel's opinion, there is a good faith basis for such designation. If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

**5.2 Manner and Timing of Designations.** Except as otherwise provided in this Order (*see*, *e.g.*, second paragraph of section 5.2(a) below), or as otherwise

stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly designated when the material is disclosed or produced. Designation in conformity with this Order requires:

**(a)** for information in documentary form (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" to each page.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL") to each page. In any instance where a Producing Party asserts a higher level of protection to Discovery Material after its initial production, the higher protection level shall apply to the materials only as of the time of their re-designation. Persons who obtain access to such materials prior to their re-designation shall, from the time of notice to them of the materials' re-designation, restrict their review or use of those materials in accordance with the higher protection level.

**(b)** deposition testimony and the transcripts and video recordings thereof of depositions conducted during pretrial discovery in this litigation shall be treated as CONFIDENTIAL for a period of five (5) business days, or for as many days as the Parties shall agree, after receipt of the such deposition transcript, whether draft or final, and/or video recordings to allow time for the deponent or counsel for that deponent, or any party or non-party or its counsel, to notify all Parties of any CONFIDENTIAL Information contained therein. Such CONFIDENTIAL Information shall be designated by page and line number, and video cassettes (or other storage media) shall be labeled in accordance with the provisions of this Order.

Any deposition testimony concerning a CONFIDENTIAL document produced by a non-party will be marked by the court reporter or videographer as CONFIDENTIAL on the deposition transcript or videotape.

The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL."

To the extent that a client representative attends a deposition at which CONFIDENTIAL documents or topics are discussed, and if such representative is not among the categories of person to whom the material may be disclosed as listed in section 7.2 below, such representative shall leave the room as appropriate to protect such information in accordance with this Order.

**(c**) for information produced in some form other than documentary and for any other tangible items, the Producing Party shall furnish a separate written notice to the undersigned counsel for the party receiving such information that such information, or portions of the information, are designated "CONFIDENTIAL."

**5.3 Inadvertent Failures to Designate.** Inadvertent production of or failure to designate any information as CONFIDENTIAL shall not be deemed a waiver of the Producing Party's claim or confidentiality as to such information, and the Producing Party may thereafter designate such information as CONFIDENTIAL as appropriate.

## 6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

**6.1 Timing of Challenges.** Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

**6.2 Meet and Confer.** The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must identify the challenged designation by Bates number or Bates range and recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice-to-voice dialogue; other forms of communication are not sufficient) within fourteen (14) days of the date of service of notice, or other time period as the parties shall agree. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. The parties may consider any reasonable compromise to resolve the dispute including changing designations for a portion of the materials, redacting certain information, or agreeing to factual stipulations.

**6.3 Judicial Intervention.** If the Parties cannot resolve a challenge through the meet and confer process, the Challenging Party may immediately file and serve a motion to contest confidentiality. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. The burden of persuasion in any such challenge proceeding shall be on the Challenging Party. Frivolous challenges and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Discovery Material shall not be entitled to a CONFIDENTIAL designation where the Challenging Party demonstrates that such material was in the public domain at the time of, or has become public since, its designation. All Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge. Nothing in this Protective Order precludes any party from challenging a confidentiality designation on any other ground.

**7. ACCESS TO AND USE OF DISCLOSURE OR DISCOVERY MATERIAL**

**7.1 Basic Principles.** A Receiving Party may use Disclosure or Discovery Material provided by another Party or by a Non-Party and the information contained therein only for the purpose of this litigation and not for any other purpose. Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party under reasonable precautions to avoid unauthorized disclosure.

Nothing herein shall impose any restrictions on the use or disclosure by a Party or witness of documents, material, or information rightfully obtained by such Party or witness independently of the discovery proceedings in this action, whether or not such documents, material, or information are also obtained through discovery proceedings in this action.

**7.2 Disclosure of "CONFIDENTIAL" Information or Items.** Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

**(a)** the Receiving Party's Outside Counsel in this action, as well as employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for this litigation;

**(b)** the officers, directors, and employees, current or former, of the Producing or Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment of Understanding and Agreement to Be Bound" (Exhibit A);

**(c)** Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment of Understanding and Agreement to Be Bound" (Exhibit A), provided that any retained Expert is not, at the time the Discovery Material is to be disclosed, a Party in this action or an employee of a Party

in this action (nor known to the engaging party to have accepted an offer to become an employee of a Party in this action);

**(d)** the Court and its personnel;

**(e)** court reporters and their staff;

**(f)** professional jury or trial consultants, and mock jurors, to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgement of Understanding and Agreement to Be Bound" (Exhibit A);

**(g)** Professional Vendors to whom disclosure is reasonably necessary for this litigation;

**(h)** during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgement of Understanding and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court provided, however, that if a witness refuses to execute Exhibit A, the admonition on the record that he or she is subject to sanctions for violating the terms of this Protective Order shall serve as a substitute for the execution of Exhibit A, and shall be sufficient to allow for examination of the witness as to Confidential Information. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may not be disclosed to anyone except as permitted under this Protective Order;

**(i)** the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

**(j)** any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order;

**(k)** in-house counsel for each of the Parties to whom disclosure is reasonably necessary for this litigation.

**(l)** any other person as to whom the Producing Party has consented to disclosure in advance and in writing, on notice to each Party hereto.

**(m)** the officers, directors, and employees, current or former, of any entity of which any Party is a current or former officer, director, and employee to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgement of Understanding and Agreement to Be Bound" (Exhibit A).

**7.3 Legal Advice Based on Protected Material.** Nothing in this Protective Order shall be construed to prevent Outside Counsel from advising their clients with respect to this litigation based in whole or in part upon Protected Materials, and indicating to the client that Protected Material exists that Outside Counsel has considered in formulating the advice, provided Outside Counsel does not disclose the Protected Material itself except as provided in this Order.

# 8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" under this Order, that Party must:

**(a)** promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

**(b)** promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Protective Order; and

**(c)** cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected. If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating

Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

## 9. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

**(a)** A copy of this Order, once issued by the Court, shall be: (i) included with each subpoena served thereafter on Non-Parties, and the subpoena shall state that this Order shall apply to all documents or other information produced in response to the subpoena and (ii) provided to any non-party who received a subpoena prior to issuance of this Order.

**(b**) The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

## 10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately upon learning of such disclosure (a) notify in writing the Designating Party of all pertinent facts related to the unauthorized disclosures, (b) make every effort to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons destroy all copies, excerpts, summaries, or compilations of such Protected Material.

## 11. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

Pursuant to Federal Rule of Evidence 502(d) and (e), the production of a privileged or work-product-protected document, whether inadvertent or otherwise, is not a waiver of privilege or protection from discovery in this case or in any other

federal or state proceeding. When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).

## 12. MISCELLANEOUS

**12.1 Right to Further Relief.** Nothing in this Order abridges the right of any person to seek its modification by the Court in the future upon due notice to all other Parties and affected Non-Parties, including the right of any Party or Non-Party to move the Court to broaden or restrict the rights of access to and use of particular Discovery Material.

**12.2 Right to Assert Other Objections.** By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

**12.3 Filing Protected Material.** Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. Any Protected Material, including deposition transcripts, to be filed with the Court shall be designated as Protected Material and filed under seal according to the rules for the United States District Court for the Southern District of Illinois.

## 13. FINAL DISPOSITION

The Parties agree that the terms of this Protective Order shall survive and remain in effect after the termination of the above-captioned matter. Within sixty (60) days after the final disposition of this action, as defined in Section 4, each Receiving Party must return all Protected Material to the Producing Party or, at the Receiving Party's option, destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a

written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty (60)-day deadline that the destruction or return has been completed. Notwithstanding this provision, Outside Counsel are entitled to retain copies of documents filed with the Court and Outside Counsel's file copies of papers prepared in connection with this matter, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION). In addition, all restrictions in this Protective Order regarding the use by any person of information or knowledge obtained from Discovery Material shall continue even after such Discovery Material is returned or destroyed. Nothing in this provision shall limit the rights, if any, of any Party or Non-Party to object to and seek a ruling of the Court concerning a Party's retention of any discovery material.

**IT IS SO ORDERED.**

**DATED:  January 30, 2025**

> _s/ Stephen P. McGlynn_
> **STEPHEN P. McGLYNN**
> **U.S. District Judge**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ANTHONY COLLINS and JAMES POWELL**, *individually and as Class Representatives*, <br><br> **Plaintiffs,** <br><br> v. <br><br> **CHRISTOPHER AUFFENBERG,** <br><br> **Defendant.** | Case No. 24-CV-01120-SPM |

# ACKNOWLEDGMENT OF UNDERSTANDING AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Southern District of Illinois on January 30, 2025 in the case of *Anthony Collins, et al. v. Christopher Auffenberg*, Case No. 24-CV-01120-SPM. I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____